LAGESEN, P. J.
*195 This judicial review proceeding under the Administrative Procedures Act is before us for the second time, following a remand to the Board of Psychologist Examiners. See Bice v. Board of Psychologist Examiners , 281 Or. App. 623, 383 P.3d 913 (2016). Petitioner contends, among other things, that the board on remand made new, additional factual findings, without identifying and explaining the reason for that modification as required by ORS 183.650(2). We agree and, for that reason, we again reverse and remand the order.
Petitioner is a licensed psychologist. The board sought to discipline petitioner for inappropriate conduct with two teenage female clients. Following a contested case hearing before an administrative law judge (ALJ) at the Office of Administrative Hearings, the ALJ, based on his factual findings, determined that petitioner had committed none of the alleged violations and that no sanctions were appropriate. The board reached a contrary *1231 conclusion, finding that petitioner violated three different ethical standards as well as ORS 675.070(2)(d).[1] In so doing, the board modified the ALJ's factual findings and also made new factual findings. Bice , 281 Or. App. at 626-29, 383 P.3d 913.
In his first petition, petitioner challenged the board's modified findings. Consequently, we reviewed the modified findings de novo , supplanting those findings with our own findings, as ORS 183.650(4) required us to do. Bice , 281 Or. App. at 630-37, 383 P.3d 913. Among other things, we found that petitioner had kissed his 18-year-old patient, SM, on the cheek at the end of his last therapy session with her, rejecting the board's finding that petitioner had attempted to kiss SM on the lips. We explained that a finding that petitioner had kissed SM
*196 on the cheek was supported by evidence of contemporaneous references to the cheek kiss in her diary and reports she made to her mother. Id. at 631-32, 383 P.3d 913. Although we found that the kiss on the cheek occurred, we made no findings about the effect that the kiss had on SM. At that time, neither the ALJ nor the board had made any findings about the effect that the kiss had on SM, having viewed the facts differently than we did.
In addition to making the specific de novo factual findings required under ORS 183.650(4), we also set aside several supplementary factual findings that the board had made, concluding that they were not supported by substantial evidence. Id. at 637-38, 383 P.3d 913. We then remanded the order to the board to reconsider its order in view of our new findings and rejection of certain of its new findings: "Having found that several historical facts are not as found by the board, we must remand for the board to reconsider, under a correct understanding of the facts, its conclusions" that petitioner violated the statutes and ethical standards on which the board's disciplinary decision was predicated. Id . at 638, 383 P.3d 913.
On remand, the board determined that petitioner violated one ethical standard-Ethical Standard 3.04[2] -and ORS 675.070(2)(d) (by violating that ethical standard and also by causing SM emotional distress). It did so based largely on our finding that petitioner had kissed SM on the cheek. The board explained:
"The Board bases its conclusions primarily on the historical facts determined by the Court of Appeals, which included SM's contemporaneous accounts to her mother and her diary entry, which reflected that SM had an adverse reaction to [petitioner's] conduct towards her and wrote in her diary shortly thereafter that she found [petitioner] 'was way too creepy for me.' (Exhibit A37). [Petitioner] could have prevented this adverse reaction by maintaining *197 appropriate boundaries by refraining from kissing SM on the cheek in a private clinical setting. SM's statement to the Board's Investigator that she would never have a male counselor again (Exhibit A14 at 2) is another indicator that SM suffered harm from [petitioner's] goodbye kiss at the end of the last clinical session. The Board views such conduct in this case to be a violation of ES 3.04 (avoiding harm). It occurred in a one on one clinical setting between a psychologist and his female client, who had recently turned 18 years old, and who began treatment following her completion of cancer treatment and the sudden death of her father. In those circumstances, [petitioner] held a position of disparate power and authority relative to SM and initiated a kiss, a form of physical *1232 contact that was fraught with the potential for harm."
(Footnote omitted.)[3] It further determined that petitioner's conduct still warranted a reprimand, although the board reduced the sanctions that it previously had imposed.
Before us, petitioner raises a number of challenges to the board's revised order on remand. We reject all but one of those challenges without further discussion. We agree that the board impermissibly made new findings on remand without identifying or explaining those findings, as required by ORS 183.650(2). See Robin v. Teacher Standards and Practices Comm. , 291 Or. App. 379, 396-98, 421 P.3d 385 (2018) ; Bice , 281 Or. App. at 637, 383 P.3d 913.
Specifically, in determining that petitioner's conduct violated Ethical Standard 3.04 and ORS 675.070(2)(d), the board made new findings about the effect that petitioner's kiss had on SM, finding that she had an "adverse reaction" to it and that she "suffered harm" as a result. Those findings, both of which address how the kiss affected SM, were not contained in the ALJ's order, were not contained in the board order that we reviewed in the initial judicial proceeding, and were not among the findings that we made and directed the board to reconsider on remand. As such, they are new findings that the board was required to identify and *198 explain.[4] Bice , 281 Or. App. at 637, 383 P.3d 913 (explaining that, "when an agency makes findings that are in addition to those made by the ALJ, those additional findings are modifications of an ALJ's proposed order other than modifications of findings of historical fact," which the agency is required to identify and explain); see Robin , 291 Or. App. at 396-98, 421 P.3d 385 (same).
The board does not dispute that it did not identify or explain its new findings. Instead, the board argues that it did not make any new findings and, instead, drew only permissible inferences from previously found historical facts. We are not persuaded. How petitioner's kiss, in fact, affected SM-how she perceived it, how it made her feel, and how it affected her subsequent conduct-is a matter of historical fact. Although it may be an inferred fact, it is nonetheless a new finding of fact because, as we have explained, until the board made the challenged finding, there had been no findings about how the kiss affected SM.
The board's failure to comply with the requirements of ORS 183.650(2) requires a remand, at least where, as here, the new findings affect the basis of the board's determination that petitioner violated Ethical Standard 3.04 and ORS 675.070(2)(d). Robin , 291 Or. App. at 396-98, 421 P.3d 385 (explaining that remand is required when an agency makes unidentified and unexplained changes to an order, including making additional factual findings, if those new findings change the basis of the order).
We therefore remand the board's order to comply with its obligation under ORS 183.650(2) with respect to any findings pertaining to the effect the kiss had on SM.
Reversed and remanded.

Under ORS 675.070(2)(d), the board is permitted to sanction a licensee who "[i]s guilty of immoral or unprofessional conduct or of gross negligence in the practice of psychology." Such conduct includes "[c]onduct or practice contrary to recognized standard of ethics of the psychological profession." ORS 675.070 (2)(d)(A). In other words, a violation of an applicable ethical standard also qualifies as a violation of ORS 675.070(2)(d). Other conduct constituting "immoral or unprofessional conduct" or "gross negligence" in the practice of psychology includes "conduct or practice that constitutes a danger to the health or safety of a patient." ORS 675.070(2)(d)(A).

Ethical Standard 3.04 provides:
"Psychologists take reasonable steps to avoid harming their clients/patients, students, supervisees, research participants, organizational clients, and others with whom they work, and to minimize harm where it is foreseeable and unavoidable."

On remand, the board initially determined that petitioner's act of kissing SM was a "per se " violation of Ethical Standard 3.04. After petitioner filed his initial opening brief on judicial review, the board withdrew the order and issued a revised order, as permitted under ORS 183.482(6).

Petitioner does not suggest that the board acted outside the scope of our remand in making the new findings about the effect that the kiss had on SM; he contends only that the board failed to comply with its obligations under ORS 183.650(2), and that the new findings are not supported by substantial evidence. In response, the board does not dispute that it is required to comply with ORS 183.650(2) when it makes new factual findings following a remand from us in a matter in which we were called upon to find certain facts de novo under ORS 183.650(4). We therefore proceed on the assumption that the board's additional factfinding was permitted by the scope of our remand, and that ORS 183.650(2) applies when an agency adds to the previously found facts on remand.